IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES JONES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CYNTHIA LINK, et al.[1] | : | NO. 15-2728 |
| | : | |

## REPORT AND RECOMMENDATION

ELIZABETH T. HEY, U.S.M.J.                                        May 31, 2016

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C.

§ 2254, by James Jones ("Petitioner"), who is currently incarcerated at the SCI at

Graterford, Pennsylvania.  For the reasons that follow, I recommend that the petition be

dismissed for want of jurisdiction.

## I.       FACTS AND PROCEDURAL HISTORY

Following a trial held from November 1 through November 5, 1982, before the

Honorable Angelo Guarino, a jury convicted Jones of rape, attempted involuntary deviate

sexual intercourse, burglary, and criminal conspiracy.  Commonwealth v. Jones, CP-21-

CR-0406201-1982, Docket Sheet (Phila. C.C.P.) ("Docket Sheet").  These charges arose

from an incident on November 18, 1981, when Jones and a co-conspirator burglarized a

home on Pepper Terrace in Philadelphia and raped a ten-year-old victim sleeping on the

---

[1]At the time Jones filed his habeas petition, Michael Wenerowicz was the
superintendent of the State Correctional Institution ("SCI") at Graterford, where Jones is
housed, and Jones properly named Mr. Wenerowicz as the respondent in this case.  Since
that time, Mr. Wenerowicz has been replaced by Ms. Link as superintendent.  Therefore,
I have named Ms. Link as the respondent in this case.  See Rule 2(a) of the Rules
Governing Section 2254 Cases (regarding the state officer with current custody to be
named as respondent).

second floor.  On May 13, 1983, Judge Guarino sentenced Jones to an aggregate term of 19 ½ to 60 years' confinement in a state correctional institution.  Id.; N.T. 05/13/83 at 34.

Jones did not file a direct appeal, but on June 3, 1983, filed a pro se state petition for collateral relief under Pennsylvania's Post Conviction Hearing Act ("PCHA"), 41 Pa.C.S. §§ 9541 et seq. (superseded).[2]  Commonwealth v. Jones, No. 82-0620-0204, April Term 1982, Petition under PCHA (Phila. C.C. P. filed June 3, 1983).  During the pendency of his PCHA petition, Petitioner filed two federal habeas petitions.[3]  In the first, filed in 1985, the Honorable Richard Powers recommended that the petition claiming ineffectiveness of counsel and undo delay in the post-conviction proceeding be denied because Petitioner had failed to exhaust his claims in state court.  Jones v. Fulcomer, No. 85-3992, Report and Recommendation ("R&R") (E.D. Pa. Oct. 17, 1985) (Powers, M.J.) (Doc. 32-3).  The docket entries indicate the Honorable John Fullam approved the R&R and denied the petition on October 17, 1985.

In 1987, Petitioner filed a second federal habeas petition, arguing ineffective assistance of counsel and that he should be excused from the exhaustion requirement due to the protracted delay in the state court's handling of his PCHA petition.  Jones v. Fulcomer, No. 87-7393, R&R (E.D. Pa. Dec. 10, 1987) (Powers, M.J.) (Doc. 32-4).[4]  On December 10, 1987, Judge Powers recommended that the habeas petition be dismissed

---

[2]The PCHA was repealed on April 13, 1988, and superseded by the Post Conviction Relief Act ("PCRA") 41 Pa.C.S. §§ 9541 et seq.

[3]I did not obtain the Clerk's Office files of these prior proceedings, but have relied on the docket entries and copies of relevant rulings attached to the District Attorney's supplemental response.  See Doc. 32-3 to 32-8.

[4]The docket entries indicate that the R&R was filed on December 14, 1987.

without prejudice, explaining that the delay in the state court's adjudication of his PCHA petition was caused by, among other things, the fact that Petitioner was represented by at least five different attorneys and amended his petition for relief at least three times.  Id. On January 7, 1988, Judge Fullam directed the District Attorney to show cause why the delays in addressing the PCHA petition did not merit granting Petitioner a nunc pro tunc appeal.  See Docket Sheet in No. 87-7393; see also Jones v. Fulcomer, No. 87-7393, Memorandum and Order at 1 (E.D. Pa. Jan. 13, 1989) (Fullam, C.J.) (Doc. 32-5) (reviewing procedural history).

On March 14, 1988, during the pendency of his second federal habeas petition, the Honorable D. Webster Keogh denied Petitioner's PCHA petition following an evidentiary hearing, rejecting his claims of ineffective assistance of counsel and concluding that Petitioner had knowingly and voluntarily waived his right to direct appeal.  Commonwealth v. Jones, Nos. 620-31, April Term 1982, Opinion and Order (Phila. C.C.P. Mar. 14, 1988).  On January 13, 1989, in light of the state court's disposition of the PCHA petition, Judge Fullam denied Petitioner's second federal habeas petition on the merits, agreeing with the state courts that there was no merit to Petitioner's claim of ineffectiveness.  Jones v. Fulcomer, No. 87-7393, Memorandum and Order (E.D. Pa. Jan. 13, 1989) (Fullam, C.J.) (Doc. 32-5).  On October 13, 1988, the Pennsylvania Superior Court affirmed the denial of post-conviction relief. Commonwealth v. Jones, No. 1134 Philadelphia 1988 (Pa. Super. Oct. 13, 1988).  On September 6, 1989, the Pennsylvania Supreme Court denied allocator.  Commonwealth v. Jones, 1030 EDA 1988 (Pa. Sept. 6, 1989).

Petitioner filed a third federal petition for a writ of habeas corpus in 1990, raising the same claims as in his prior petitions as well as new claims of ineffective assistance of counsel.  See Jones v. Reid, No. 90-1549, R&R (E.D. Pa. Apr. 30, 1990) (Powers, M.J.) (Doc. 32-6).  On May 23, 1990, Judge Fullam adopted Judge Powers' R&R concluding that all of Petitioner's claims were or could have been raised in his prior petition, and dismissed the petition as an abuse of the writ.  See id.; Jones v. Reid, No. 90-1549, Order (E.D. Pa. May 23, 1990) (Fullam, C.J.) (Doc. 32-7).  On January 28, 1991, the Third Circuit denied a certificate of probable cause.  Jones v. Reid, C.A. No. 90-1421, Order (3d Cir. Jan. 28, 1991) (Doc. 32-8).[5]

On January 13, 2006, Petitioner filed his second state collateral petition, raising claims of ineffective assistance of counsel and requesting new DNA testing of physical evidence.[6]  The PCRA court appointed an attorney for Petitioner, but the attorney filed a no-merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988),

---

[5]Prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), in order to appeal the denial of a habeas petition in the Circuit Court, the petitioner needed to obtain a certificate of probable cause from either the District Court or the Circuit Court, which required a "substantial showing of the denial of [a] federal right."  Barefoot v. Estelle, 463 U.S. 880, 893 (1983).  Post-AEDPA, a petitioner must obtain a certificate of appealability ("COA") before appealing the denial of a habeas petition, which requires "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(b)(2).

[6]In 2002 the Pennsylvania legislature adopted procedures for seeking post-conviction DNA testing.  See 42 Pa. C.S.A. § 9543.1.

and a petition to withdraw.[7]  Letter of Barbara McDermott, Dec. 10, 2007;

Commonwealth v. Jones, CP-51-CR-0406201-1982, Motion to Withdraw Appearance of

Counsel (filed Dec. 10, 2007).  On February 5, 2008, Judge Keogh dismissed Jones'

second petition as time-barred, and permitted counsel to withdraw.  Commonwealth v.

Jones, CP-51-CR-0406201-1982, Docket Sheet entry 02/05/08 (signed by Keogh, J.);

Commonwealth v. Jones, No. 0620, April Term, 1982, Opinion (Phila. C.C.P. June 18,

2008) (Keogh, J.) (opinion recommending affirmance on appeal).  The Pennsylvania

Superior Court affirmed the dismissal on January 27, 2009.  Commonwealth v. Jones,

968 A.2d 791 (Pa. Super. 2009) (table).  The Pennsylvania Supreme Court denied

allocator on June 15, 2009.  Commonwealth v. Jones, 973 A.2d 1006 (Pa. 2009) (table).

Petitioner filed another PCRA petition on July 17, 2009, again requesting DNA

testing.  On June 3, 2013, the Honorable Sheila Woods-Skipper concluded that Petitioner

did not meet the requirements under state law to compel DNA testing and dismissed the

petition as time-barred, and the Pennsylvania Superior Court affirmed on July 8, 2014.

See Commonwealth v. Jones, CP-51-0406201-1982, Memorandum and Order (Phila.

C.C.P. June 3, 2013); Commonwealth v. Jones, 105 A.3d 784 (table), 2014 WL

10915491 (Pa. Super. 2014).

---

[7]In counsel's Finley letter, she stated, with respect to Petitioner's request for DNA
testing, "[e]ven if any physical evidence remained to be tested (the bed sheets), the lack
of Petitioner's DNA would not be of any consequence given that the crime was
committed by two men."  Letter of Barbara McDermott, Dec. 10, 2007, at 3n.

On May 13, 2015, Petitioner filed the present federal habeas petition – his fourth. Doc. 1.[8]   In the present petition, Petitioner asserts (1) actual innocence because he was neither present nor participated in any crime with the alleged co-defendant, (2) the Commonwealth denied Petitioner's request to compare his DNA to that which was found at the crime scene, (3) ineffectiveness of trial counsel for failing to preserve claims of actual innocence based on the requested DNA testing; and (4) judicial bias on the part of the Superior Court. Id. at 8-13 (Grounds One-Four).[9]

On January 20, 2016, the District Attorney filed an answer arguing that the petition is untimely and that Petitioner's claims are procedurally defaulted.  Doc. 25.  On February 4, 2016, Petitioner filed a reply.  Doc. 28.  Petitioner also filed a motion for rule to show cause related to his request for DNA testing, and a motion for appointment of counsel.  Docs. 24, 29.  On May 17, 2016, the District Attorney moved for leave to file a supplemental response based on records showing that Petitioner had filed multiple prior federal habeas petitions.  Doc. 30.  I granted the request, see Doc. 31, and on May 20, 2016, the District Attorney filed a Supplemental Response arguing that the petition

---

[8]The petition was docketed on May 15, 2015, but the federal court employs the "mailbox rule," deeming the petition filed when given to prison authorities for mailing. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  The original petition was signed on May 13, 2015, see Doc. 1 at 16, and I will therefore assume that Petitioner gave the petition to prison authorities for mailing on that date.

[9]In the answer, the District Attorney cited an additional actual innocence claim regarding newly discovered evidence of witness testimony from Jones's sister.  Jones, however, listed these circumstances as a claim in his second state collateral petition, dismissed as untimely in 2006, and did not revisit that claim in the instant petition.  Doc. 1 at 6; Doc. 25 at 10-11.

should be dismissed as successive, and in the alternative that the petition is untimely and the claims asserted are procedurally defaulted.  Doc. 32.[10]

## II.   **DICSUSSION**

With the passage of the federal habeas statute, Congress required dismissal of claims brought in second or successive petitions except under narrow circumstances based either on a new retroactive constitutional rule announced by the Supreme Court or new and previously undiscoverable facts.  28 U.S.C. § 2244(b)(1) & (2).  Congress also enacted a stringent set of procedures that must be followed in order to file a second or successive habeas petition, beginning with the petitioner gaining the permission of the Court of Appeals:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Id. § 2244(b)(3)(A).  The Third Circuit has explained the implementation of this provision:

> Second or successive petitions for habeas relief have always faced significant obstacles to consideration in the federal courts because they are, for the most part, wasteful of judicial time and effort.  The passage of the AEDPA in 1996

_____

[10]On May 25, 2016, Petitioner filed a "Response to Court Order" noting that the undersigned granted the District Attorney's leave to file a supplemental response without giving Petitioner the opportunity to respond to the motion.  Doc. 33.  In his various pleadings, Petitioner has repeatedly alleged that he has been denied justice for, among other things, delays in the disposition of his petitions - - and he does so again in his May 25th filing.  See id. ¶ 3 ("Justice Delayed, is Justice Denied.").  The District Attorney based the request for leave on newly discovered information regarding Petitioner's own prior filings, and the request was granted with a short deadline for filing the supplemental response so as not to unnecessarily prolong this matter.

> strengthened these obstacles by creating a special screening
> process for the consideration of second or successive
> petitions, often referred to as a "'gatekeeping' mechanism."
> Felker v. Turpin, 518 U.S. 651, 657 . . . (1996).  Section
> 2244(b) provides both procedural and substantive limits on
> the filing of second or successive petitions.  One of the most
> significant changes is the requirement that the applicant must
> secure approval from the court of appeals to file a successive
> petition.  28 U.S.C. § 2254(b)(3)(A). . . .  Unless the court of
> appeals grants such permission, the district court may not
> consider the second or successive petition.

Robinson v. Johnson, 313 F.3d 129, 139 (3d Cir. 2002).  Without the requisite

certification from the court of appeals, the district court "is without jurisdiction to

entertain [the successive petition]."  Burton v. Stewart, 549 U.S. 147, 153 (2007).  This

jurisdictional requirement applies to Petitioner even though his prior habeas petition pre-

dated AEDPA.  See In re Minarik, 166 F.3d 591, 599-600 (3d Cir. 1999) (requirement

that petitioner gain permission of appellate court before filing second or successive

petition is procedural and not impermissibly retroactive).

      The statute does not define the term "second or successive," and Petitioner has not

addressed whether his petition should be considered "second or successive" for purposes

of section 2244(b).  The fact that he filed prior petitions is not dispositive, as "a

prisoner's application is not second or successive simply because it follows an earlier

federal petition."  Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005).

      In addressing the application of section 2244(b) to a new judgment following

remand, the Supreme Court provided guidance on the meaning of the phrase "second or

successive."

> To determine its meaning, we look first to the statutory
> context. The limitations imposed by § 2244(b) apply only to
> a "habeas corpus application under § 2254," that is, an
> "application for a writ of habeas corpus on behalf of a person
> in custody pursuant to *the judgment* of a State court."
> § 2254(b)(1) (emphasis added). The reference to a state-
> court judgment in § 2254(b) is significant because the term
> "application" cannot be defined in a vacuum. A § 2254
> petitioner is applying for something: His petition "seeks
> *invalidation* (in whole or in part) *of the judgment* authorizing
> the prisoner's confinement," Wilkinson v. Dotson, 544 U.S.
> 74, 83 (2005) (emphasis added). If his petition results in a
> district court's granting of the writ, "the State may seek a *new*
> judgment (through a new trial or a new sentencing
> proceeding)." [Id.] (emphasis in original). Thus, both
> § 2254(b)'s text and the relief it provides indicate that the
> phrase "second or successive" must be interpreted with
> respect to the judgment challenged.

Magwood v. Patterson, 561 U.S. 320, 332-33 (2010). Accordingly, as a general matter, if

a Petitioner is challenging the same judgment as challenged in a prior petition, his current

petition is considered second or successive. See In re Brown, 594 Fed. App'x 726, 729

(3d Cir. 2014) (not precedential) ("[W]e believe that the Supreme Court's decision [in

Magwood] makes clear that 'a habeas petition is deemed initial or successive by

reference to the *judgment* it attacks – not which *component* of the judgment it attacks or

the nature or genesis of the *claims* it raises.'") (emphasis in original). Exceptions to this

general rule apply, for example when the second petition challenges the administration of

the sentence such as a parole denial, see Benchoff, 404 F.3d at 817 (applying abuse of the

writ doctrine), or where the first petition was unripe and therefore dismissed as

unexhausted. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000).

The present petition relates to the same judgment of conviction as each of Petitioner's three prior habeas petitions, and does not appear similar to the types of petitions that call for an exception.  As noted, the second or successive analysis is petition-based, not claim-based.  See Magwood, 561 U.S. at 334-35 ("AEDPA uses 'second or successive' to modify 'application,'" and although many AEDPA rules focus on claims, "that does not entitle us to rewrite the statute to make the phrase 'second or successive' modify claims as well.").  Thus, I conclude that the present petition is second or successive and the district court is without jurisdiction to consider it absent certification from the Third Circuit pursuant to section 2244(b)(3)(A).[11]

When a second or successive petition is erroneously filed in the district court without the requisite certification from the Court of Appeals, the district court's only option is to dismiss the petition or transfer it to the Court of Appeals.  Robinson, 313 F.3d at 139-40.  In making this determination, the court should transfer the case if it is in the interests of justice.  See 28 U.S.C. § 1631.  Considering the fact that Petitioner has already filed three federal habeas petitions in which he raised or could have raised the claims asserted in the present petition, and that the petition related to the same judgment entered more than 33 years ago, I conclude that the interests of justice do not warrant transfer and will recommend that the petition be dismissed rather than transferred.  Petitioner may seek leave directly from the Court of Appeals.

Accordingly, I make the following:

---

[11]If Petitioner were to receive permission to file his successive petition, he would also need to establish that his claims could not have been raised previously.  See 28 U.S.C. § 2244(b)(2).

# R E C O M M E N D A T I O N

AND NOW, this   31st   day of May 2016, it is RESPECTFULLY

RECOMMENDED that petition for writ of habeas corpus be dismissed as an

unauthorized successive petition, and that Petitioner's motion for rule to show cause

related to his request for DNA testing, and motion for appointment of counsel, be

DENIED.  Petitioner may file objections to this Report and Recommendation.  See Local

Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate

rights.


/s/ELIZABETH T. HEY
_____
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE